NOT FOR PUBLICATION                                                                                       CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

NEWELL D. KNIGHT,                        :

       Petitioner,                   :        Civil Action No. 13-5951 (SRC)

       v.                                        :

CHARLES E. WARREN, JR., et al.,    :        **MEMORANDUM OPINION**

       Respondents.               :

---

    This matter comes before the Court upon receipt of Petitioner's filing fee submitted in response to the Court's order denying him in forma pauperis status without prejudice. See ECF Nos. 1, 2 and dated Dec. 2, 2013. For the reasons detailed below: (a) the Clerk will be directed to reopen this matter; (b) Petitioner's Section 2254 application, ECF No. 1, will be dismissed as untimely; and (c) no certificate of appealability will issue.

    On August 9, 2003, [Petitioner] shot and killed Judith Gonzalez. The following day, he fled the United States and returned to Jamaica, which is his native country. On October 15, 2003, Jamaican authorities arrested defendant on a provisional warrant . . . . [Petitioner] waived extradition and was returned to the United States . . . . Thereafter, [Petitioner] was charged . . . with first-degree murder, . . . second-degree possession of a weapon for an unlawful purpose, . . . and third-degree unlawful possession of a weapon . . . . On February 15, 2005, [Petitioner] pled guilty to count one, which was amended to charge first-degree aggravated manslaughter . . . . The court then sentenced [Petitioner] to thirty years of incarceration . . . . [Petitioner] appealed . . . [and the Appellate Division] affirmed [his conviction and sentence. Petitioner] then sought . . . certification with the Supreme Court. The Court denied [him certification]. State v. Knight, 188 N.J. 579 (2006). On January 2, 2007, [Petitioner] filed a pro se petition for [post-conviction relief, i.e.,] PCR. . . . [The Law Division denied him PCR, and the Appellate Division] affirm[ed] . . . substantially for the reasons stated by [the Law Division Judge] in his written opinion . . . .

State v. Knight, 2011 WL 31344, at *1-2 (N.J. Super. Ct. App. Div. Jan. 6, 2011), certif. denied, 207 N.J. 227 (2011).  Two years and four months later, Petitioner executed his Section 2254 petition at bar.  See ECF No. 1, at 6.  Aware that his submission was untimely, he attached to his petition two documents, one titled, "Notice of Motion to File as Within Time," ECF No. 1-1, at 1, and another titled, "Certification in Support of Motion."  ECF No. 1-2, at 1.  In the latter, Petitioner states that neither the New Jersey Supreme Court, his attorney nor the Office of the Public Defender informed him that the Supreme Court had denied certification as to Petitioner's PCR challenges.  Petitioner maintains that, for this reason, he remained unaware of the New Jersey Supreme Court's decision until February 5, 2013 and argues that his Section 2254 petition should therefore be addressed on the merits.  Id. at 1-2.  Petitioner's argument is unavailing.

Enacted on April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, tit. I, §101 ("AEDPA"), provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The period starts to run from "the date on which the judgment became final."  28 U.S.C. § 2244(d)(1).[1]  A related Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction . . . review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).[2]

---

[1] A state-court criminal judgment becomes "final" under § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); see also U.S. Supreme Court Rule 13 (allowing ninety days to file a petition for writ of certiorari); Kapral v. United States, 166 F.3d 565, 570-571 (3d Cir. 1999) (if no application for certiorari is filed on direct appeal, criminal judgment becomes final upon expiration of time for seeking such review).

[2] Since state PRC proceedings are separate and distinct from the original criminal proceeding, the ninety-day time period for seeking United States Supreme Court review falls outside statutory tolling.  See Lawrence v. Florida, 549 U.S. 327 (2007).

Here, Petitioner's conviction became final 90 days from November 21, 2006 (the date when the New Jersey Supreme Court denied him certification as to his direct appeal). He filed his PCR application on January 2, 2007, and thus his AEDPA period was tolled during the pendency of that application. That statutory tolling expired on June 7, 2011 (when the Supreme Court of New Jersey filed its denial of certification as to his PCR claims), triggering the commencement of his one-year limitations period, which expired on June 6, 2012. He executed the Section 2254 petition at bar 16 months later,[3] subjecting it to dismissal as untimely unless Petitioner establishes a basis for equitable tolling covering these 16 months.

While the AEDPA limitations period is amenable to equitable tolling, see Holland v. Florida, 560 U.S. 631 (2010); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking equitable tolling [must] establish[ ] two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).[4]

---

[3] This Court presumes, without making a factual finding to that effect, that Petitioner handed his petition to his prison officials for mailing to the Court on the date he executed the petition.

[4] Unlike under state law, a litigant's excusable neglect cannot trigger federal equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, such tolling is allowed only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 560 U.S. at 649 (relying on Pace, 544 U.S. at 418). For instance, extraordinary circumstances have been found where: (a) the respondent has actively misled the petitioner; or (b) the petitioner has in some extraordinary way been prevented from asserting his rights; or (c) the petitioner has timely asserted his rights mistakenly in a wrong forum, see Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999), or (d) the court itself has misled the petitioner regarding the steps he needed to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Moreover, even where the presence of extraordinary circumstances is established, "[i]f the person seeking equitable tolling has not exercised reasonable diligence . . . after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did

Here, Petitioner argues that his petition should be considered timely due to the alleged failure of his PCR counsel, the Supreme Court of New Jersey and/or the Public Defender's Office to notify Petitioner that his application for certification of his state PCR action was denied.  Assuming these assertions to be true, the Court finds that Petitioner may not avail himself of equitable tolling because he fails to set forth any extraordinary circumstances.  It was Petitioner's obligation to monitor his PCR proceedings and his AEDPA period and to ensure that a timely next step was taken.  If Petitioner was uncertain about the date when Supreme Court of New Jersey ruled on his application for certification, he could ensure the timeliness of his federal habeas application by filing a "protective" Section 2254 petition, as suggested in Pace, 544 U.S. at 416, or by seeking stay and abeyance.  See Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).[5]  Yet, disregarding his obligation to act diligently, he did nothing. Moreover, he kept sitting on his rights for at least *eight more months* after he learned that his PCR application for certification was denied – since Petitioner admits to being informed of that denial by February 5, 2013, the latest.

> [I]n light of Petitioner's blatant disregard for the consequences of his . . . laxness, this Court is constrained to deny him equitable tolling. . . . Finding otherwise would make a mockery of those litigants who . . . go through the very same state court process and yet meet their deadlines . . . to ensure . . . substantive federal habeas review.

Webster v. Ricci, 2013 U.S. Dist. LEXIS 88945, at *45-46 (D.N.J. June 25, 2013), aff'd, 2013 U.S. App. LEXIS 25719, at *1.  Accordingly, this Court must dismiss the petition as untimely.

---

not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

[5]  Since Petitioner asserts that he launched a "letter writing campaign" in 2012-2013 as to his PCR application for certification, he surely could have made a protective Section 2254 filing.

No certificate of appealability will issue since jurists of reason would not find it debatable that this Court is correct in its finding that the petition is untimely. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  May 19, 2014